12-970-cv
Barrows v. Seneca Foods

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand thirteen.

Present:
ROBERT A. KATZMANN,
GERARD E. LYNCH,
*Circuit Judges*,
KATHERINE B. FORREST,
District Judge.*

_____

JEFFREY A. BARROWS,

    *Plaintiff-Appellant*,

      v.              No. 12-970-cv

SENECA FOODS CORPORATION,

    *Defendant-Appellee.*

_____

For Plaintiff-Appellant:      CHRISTINA A. AGOLA, Rochester, NY.

_____

   * The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendants-Appellees:          THOMAS E. BRYDGES (Michael E. Hickey, *on the brief*),
                                   Jaeckle, Fleischmann, & Mugel, LLP, Buffalo, NY.


Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **VACATED** and **REMANDED**.

Plaintiff-Appellant Jeffrey Barrows appeals from a January 31, 2012 judgment of the Western District of New York (Siragusa, *J.*), which granted summary judgment to the Defendant-Appellee Seneca Foods Corporation ("Seneca Foods"). Barrows had filed a complaint against Seneca Foods, alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the New York Human Rights Law, N.Y. Exec. Law, §§ 290 *et. seq*. Specifically, Barrows alleged that one of his male supervisors, Victor Sanabria, sexually harassed him by touching his genitals and creating a hostile work environment.

The district court summarized the facts on summary judgment, in the light most favorable to Barrows, as follows:

> Sanabria constantly made vulgar comments, such as "suck my dick," "come here and give me a blowjob," and "[f]aggot, get the shovel [and] go out there and clean the drain out," to [Barrows] and . . . to some, but not all, male employees. . . . The record further indicates that Sanabria grabbed [Barrows's] testicles on one occasion, during a work-related argument, and that Sanabria hit [Barrows] and other male employees in the crotch on other occasions. There is no indication that Sanabria was homosexual or that he believed [Barrows] was a homosexual.

2

*Barrows v. Seneca Foods*, No. 09-cv-6554, 2012 WL 268339, at *5 (W.D.N.Y. Jan. 30, 2012).

The district court concluded that, under the Supreme Court's decision in *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998), the plaintiff's claim failed as a matter of law because there was no evidence that he had suffered discrimination *because of his sex* (*i.e.*, because he was male). Therefore, it granted summary judgment to Seneca Foods and dismissed Barrows's claim. We assume the parties' familiarity with the remaining facts, the procedural history of the case, and the issues on appeal.

We first consider whether Barrows's claim was timely. Title VII's limitations provision required Barrows to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discrimination. *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012); *Harris v. City of New York*, 186 F.3d 243, 247 n.2 (2d Cir. 1999). Under the continuing violation doctrine, Barrows's hostile work environment claim is timely as long as one of the events "contributing to the hostile environment claim" occurred within this 300 day window, even if most of the allegedly discriminatory acts took place earlier. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). Therefore, Barrows's claim can proceed if one of the acts on which he bases his claim occurred between November 8, 2007, and September 3, 2008 (when he filed his EEOC charge).[1] Although Barrows does not contend that Sanabria touched his genitals at any time during this period, he does allege that Sanabria "constantly" made vulgar sexual comments, which, drawing all reasonable inferences in favor of the plaintiff, means that an act contributing to Barrows's hostile work environment claim

---

[1] As explained by the district court, the relevant act could not have occurred between November 17, 2007 and July 13, 2008, because Barrows was not employed by Seneca Foods during that time period. *See Barrows*, 2012 WL 268339, at *1 n.1.

3

occurred sometime within the limitations period. Without further factual development, we simply cannot conclude as a matter of law that Barrows's Title VII claim is barred by the statute of limitations.[2]

Turning to the merits of Barrows's claim, a plaintiff asserting a hostile work environment sexual harassment claim must prove that he or she suffered discrimination because of his or her sex and that the harassment was "severe or pervasive." *See Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) (internal quotation marks omitted). The plaintiff must also provide a basis for imputing liability to the defendant employer. *Id.* at 182. If, as a matter of law, Barrows cannot prove these elements, we must affirm the district court's decision. In performing this analysis, however, we view the evidence in the light most favorable to Barrows and must leave all "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences" to the jury. *Id.* at 174 (internal quotation marks omitted). Applying this standard, we find that there are genuine questions of material fact with respect to all three elements.

The district court granted summary judgment to Seneca Foods on the ground that Barrows was not harassed because of his sex. In *Oncale*, the Supreme Court held that there was no "categorical rule excluding same-sex harassment claims from the coverage of Title VII," but that a plaintiff still needed to show that he or she suffered "discrimination because of sex." 523 U.S. at 79-80 (alterations omitted). In other words, "[t]he critical issue" for same-sex harassment claims is "whether members of one sex are exposed to disadvantageous terms or

---

[2] Barrows's claim under New York state law is governed by three-year statute of limitations and, as such, would not be time-barred. *See Lore*, 670 F.3d at 169.

4

conditions of employment [*e.g.*, a hostile work environment] to which members of the other sex

are not." *Id.* at 80 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 25 (1993) (Ginsburg, J.,

concurring)). The Court outlined three examples of evidence that could satisfy this test: (1) the

harasser is homosexual (and, therefore, presumably motivated by sexual desire); (2) a victim is

"harassed in such sex-specific and derogatory terms by [someone of the same gender] as to make

it clear that the harasser is motivated by general hostility to the presence of [someone of the

same gender] in the workplace"; or (3) there is "direct comparative evidence about how the

alleged harasser treated members of both sexes in a mixed-sex workplace."[3] *Id.* at 80-81.

Viewing the evidence in the light most favorable to Barrows, a reasonable jury could find

that direct comparative evidence shows that Sanabria treated women better than men and that,

therefore, men were "exposed to [a] disadvantageous term[ ] or condition[ ] of employment to

which [women] were not." *Id.* at 80. Barrows testified in his deposition that Sanabria directed

vulgar comments toward many of his male coworkers and struck the genitals of numerous male

employees, but female employees at Seneca Foods were apparently not subjected to the same

treatment.[4] Under analogous circumstances, the Eighth Circuit reversed a grant of summary

---

[3] We have not definitively resolved whether these three categories from *Oncale* were meant to establish an exclusive list or merely provide representative examples. Although we note that the Supreme Court explicitly used the phrase "for example" when discussing these potential "evidentiary route[s]," 523 U.S. at 81-82, we need not resolve the issue because reversal is warranted under one of the three *Oncale* categories.

[4] Barrows testified that he was concerned that Sanabria was using vulgar language *in front* of females, but it does not appear that Barrows thought the comments were actually *directed toward* the female workers. Indeed, Barrows's complaint alleged that Sanabria referred to "*male employees* in bizarre and sexually obscene terms." App'x at 8 (emphasis added). To the extent that Barrows's testimony is unclear on this point, a reasonable jury could certainly infer that the alleged comments were only directed toward male employees.

judgment where male employees allegedly grabbed, squeezed, or hit the genitals of male (but *not* female) co-workers at least once a day. *Quick v. Donaldson Co.*, 90 F.3d 1372, 1379 (8th Cir. 1996). The court reasoned that the men were "exposed to disadvantageous terms or conditions" of employment that did not apply to women. *Id.* at 1378 (quoting *Harris*, 510 U.S. at 25 (Ginsburg, J., concurring)). "Evidence that members of one sex were the primary targets of the harassment," the court elaborated, was "sufficient to show that the conduct was gender-based for purposes of summary judgment."[5] *Id.*

The evidence here, viewed in the light most favorable to Barrows, similarly demonstrates that men were the primary targets of Sanabria's conduct, and, therefore, a jury could reasonably find that the conduct was gender-based. A reasonable jury could also consider the fact that some of Sanabria's vulgar comments were sex-specific and that he frequently touched male-specific (and sex-related) body parts.[6] Although these additional considerations might not create a material question of fact on their own, they could contribute to a reasonable jury's ultimate conclusion that the alleged harassment was motivated by the victim's sex. Therefore, the district court erred in concluding that Sanabria's alleged actions could never amount to discrimination because of sex.

---

[5] Although the Eighth Circuit's opinion was issued prior to *Oncale*, it is entirely consistent with the Supreme Court's rationale.

[6] We implied in *Redd* that, at least under some circumstances, courts should presume that the touching of sex-specific body parts (such as a woman's breasts) was motivated by the victim's gender. *See* 678 F.3d at 179. However, we need not decide whether such a presumption applies here or whether it could be rebutted because the differential treatment of men and women is, by itself, sufficient to permit a reasonable jury to find that Sanabria's conduct was gender- based.

Seneca Foods argues that we should not credit Barrows's deposition testimony because he has no corroborating evidence and his story is not believable. Although we have doubts as to the veracity of some of Barrows's claims, it is the role of the jury—and not this court —to evaluate a party's credibility. *See Redd*, 678 F.3d at 174. Courts may discredit a plaintiff's testimony on summary judgment in the "rare circumstances where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 105 (2d Cir. 2011) (per curiam) (internal quotation marks omitted). However, we have urged caution when applying this rule in discrimination cases because "the only direct evidence available very often centers on what the defendant allegedly said or did, . . . the defendant will rarely admit to having said or done what is alleged, and . . . third-party [corroborating] witnesses are by no means always available." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010) (internal quotation marks omitted). There are gaps and inconsistencies in Barrows's testimony, but it is by no means wholly conclusory, contadictory, or incomplete. He recounted very specific derogatory and vulgar comments made by Sanabria and testified in detail concerning one incident in which Sanabria grabbed his testicles. It very well may be that a jury will ultimately decline to believe the plaintiff's story, but it is not for us to interfere with the special province of the jury to "assess[ ] . . . a witness's credibility." *Id.* at 725.

Seneca Foods can still prevail on appeal if it shows as a matter of law that Sanabria's conduct was not "severe or pervasive enough to create [both] an objectively [and subjectively] hostile or abusive work environment." *Harris*, 510 U.S. at 21-22. However, we explicitly held in *Redd* that "[d]irect contact with an intimate body part constitutes one of the most severe forms

7

of sexual harassment." 678 F.3d at 180.  Viewing the evidence in the light most favorable to Barrows, Sanabria touched Barrows's intimate body parts many times and, in one instance, grabbed his testicles.  There is no doubt that, under *Redd*, a reasonable jury could find that this conduct is sufficiently severe or pervasive to constitute a hostile work environment.  Therefore, we cannot grant summary judgment to Seneca Foods on this ground.

Finally, we must consider whether Sanabria's conduct can be imputed to Seneca Foods. Courts will presume that a supervisor's discriminatory actions can be imputed to the employer, but an employer can rebut this presumption if it proves that (1) it "exercised reasonable care to prevent and correct promptly any harassing behavior" and (2) the plaintiff "employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).  "[P]roof that an employee has unreasonably failed to use [an] employer's [anti-harassment] complaint procedure normally suffices to satisfy the employer's burden" to rebut the presumption of employer liability. *Ferraro v. Kellwood Co.*, 440 F.3d 96, 102 (2d Cir. 2006).

Seneca Foods, however, cannot demonstrate that it is entitled to this defense as a matter of law because there are material questions of fact concerning whether Barrows failed to take advantage of Seneca Food's complaint procedure.  Barrows testified that, as required by the defendant's anti-harassment policy, he complained to his supervisors about Sanabria's conduct on multiple occasions.  Although many of his supervisors deny ever receiving such complaints from Barrows, Bill Wallingford remembers having a conversation with Barrows about his allegations.  Wallingford claims that Barrows asked him not to pursue the complaint, but

8

Barrows remembers the conversation differently and testified that Wallingford told him nothing would be done.  The actual content of this conversation and the veracity of Barrows's contention that he had similar conversations with other supervisors are disputed issues of fact that we must leave for the jury.

For the above reasons, we find that genuine disputes of material fact preclude summary judgment in this case.  We have considered the defendant's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
